## MARTINDALE et al v. DEPARTMENT OF REVENUE

Dorothy M. Martindale, Martindale, Ruben & Rothman, Portland, represented plaintiffs.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered December 20, 1972.

CARLISLE B. ROBERTS, Judge.

The plaintiffs appealed to this court from the Department of Revenue's Order No. VL 71-622, which affirmed an order of the Board of Equalization of Washington County, dated May 25, 1970, setting the true cash value of the plaintiffs' property located at the southeast corner of 92nd Avenue and Scholls Ferry Road, near Beaverton, at $59,200 for two and one-half acres of land and $100 for a commercial building located on it. The property is described as Assessor's Account No. 1S1 23AC 600, Code 48-81. The assessment date is January 1, 1970.

The assessed valuation placed upon the property by the Director of Revenue and Taxation of Washing-

ton County was $62,000, based upon a conclusion that the highest and best use of the property was for multiple-family dwellings. (The reason the improvement was valued at $100 by the board of equalization, upon appeal, in lieu of the assessed valuation of $4,200, was the county appraiser's testimony that, since multiple-family dwellings were recognized as the highest and best use, the small commercial improvement, logically, would be removed from the property.) As a matter of fact, instead of being in an A-2 zone, the property had been and was zoned C-4, neighborhood commercial, a zoning classification which prohibits the building of multiple-family dwellings on such property.

The property had been purchased in August 1965, at which time it included a 100-by-125 foot lot in the northeast corner, for a total price of $65,000. In 1967, the 100-by-125 foot lot was sold for $17,000, to be used by a Plaid Pantry (which was subsequently replaced by a beauty shop and a bicycle shop). With an investment of $48,000 still in the property, the plaintiffs on or about May 9, 1967, sought a zone change as to that part of the two and one-half acres lying 150 feet south of Scholls Ferry Road, asking that the property remain C-4 zone for the northerly 125 feet and be changed to A-2 for the remainder, since the 2.2 acres would support 48 dwelling units. This application was denied on recommendation of the Washington County Planning Commission, which reported to the Board of Commissioners that:

> "It is the opinion of the staff that there is a more than adequate amount of commercially zoned land in the area of the subject property, however, the rezoning as proposed does not appear to be in the best interest of the general public because of the remaining approximately 120 foot deep strip of commercial along Scholls Ferry Road."

The county commissioners affirmed the recommendation and denied the petition for change.

After its purchase by the plaintiffs, the property was constantly listed for sale and some offers were received, contingent upon authority to build apartment housing. Accordingly, on or about October 10, 1971 (after the assessment date herein involved), the plaintiffs filed a second petition for a zone change to A-2, covering all the property, but this, too, was rejected by the Planning Board and by the county commissioners on the ground that at that time enough A-2 property was available in the area.

Although it apparently was given no consideration in connection with the requested zone changes, either by the plaintiffs or by the county authorities, the value of the subject property as of January 1, 1970, was further complicated by the fact that the State Sanitary Authority had issued a stop order which ran before and after the assessment date, banning further sewer hookups for commercial purposes in Washington County until a number of requirements were met, involving the construction of enlarged sewer facilities. Testimony was received, without contradiction, from a Washington County realtor that, at the time of the assessment, this order had had a devastating effect upon the market and he estimated the value of the subject property at the time at $30,000 to $35,000. One of the plaintiffs agreed on $35,000 as the value at which the owners would sell to meet the market.

The appraiser for the county defended the valuation on the ground that the highest and best use of the property on the assessment date was for multiple-family dwellings and that the valuation had been placed thereon with the thought that a zone change

could easily be obtained by the plaintiffs upon the filing of a simple petition. The witness admitted that the property was actually zone C-4 and that this zoning did not permit multiple-family dwellings. The value of A-2 in this area was apparently higher than C-4 and it logically follows that the assessment was too high. Appraisers cannot properly value property in disregard of current zoning restrictions unless they know as a fact, and the "market" knows, that a change has been lawfully made and recorded or recording is imminent. The facts prove the appraisers could have had no such information in this instance.

Having determined that the assessed value of $59,200 was improper on January 1, 1970, and that the improvement on the property should not have been reduced to $100 on account of treating the property as if it had been zoned as A-2 and would be improved accordingly, it follows that the improvement should be increased in value.

Testimony as to the value of land and improvement was sparse, but the preponderance of the evidence was that the value of the property on January 1, 1970, was $35,000, of which $4,000 should be attributed to the improvement.

A considerable amount of time was devoted to testimony regarding a trade of this property two years following the assessment date but the court finds that such evidence was irrelevant and has given no consideration to it.

The Director of Revenue and Taxation of Washington County shall amend the assessment and tax rolls in accordance with this decision and the County Commissioners of Washington County shall refund to the

plaintiffs, pursuant to ORS 311.806, any taxes paid on values in excess of those found by the court to be proper, together with interest.